| | |
|---|---|
| Leda Dunn Wettre<br>ROBINSON, WETTRE & MILLER LLC<br>One Newark Center, 19th Floor<br>Newark, New Jersey 07102<br>(973) 690-5400<br>LWettre@rwmlegal.com<br>Attorney for Plaintiffs<br>Depomed, Inc. and Valeant International<br>(Barbados) SRL | WINSTON & STRAWN LLP<br>The Legal Center<br>One Riverfront Plaza, Suite 730<br>Newark, New Jersey 07102<br>(973) 848-7676<br>James S. Richter<br>Melissa Steedle Bogad<br>Attorneys for Defendants<br>Sun Pharma Global FZE, Sun Pharmaceutical<br>Industries, Inc.,<br>and Sun Pharmaceutical Industries, Ltd. |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------x
:
DEPOMED, INC., and VALEANT :  Honorable Joel A. Pisano, U.S.D.J.
INTERNATIONAL (BARBADOS) SRL, :
:  Civil Action No. 11 CV 3553 (JAP)(TJB)
Plaintiffs, :
:
v. :
:
SUN PHARMA GLOBAL FZE, SUN :
PHARMACEUTICAL INDUSTRIES LTD., :
and SUN PHARMACEUTICAL INDUSTRIES :
INC., :
:
Defendants. :
:
---------------------------------------------------x

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Local Patent Rule 4.3, Plaintiffs Depomed, Inc. and Valeant International

(Barbados) SRL ("Plaintiffs") and Defendants Sun Pharma Global FZE, Sun Pharmaceutical

Industries, Ltd. and Sun Pharmaceutical Industries, Inc. ("Defendants") submit this joint claim

construction and prehearing statement.  All parties reserve the right to supplement and/or amend

their proposed constructions based on information learned subsequent to this submittal, including

through claim construction discovery pursuant to Local Patent Rule 4.4.

## I.      Agreed Upon Claim Constructions

Pursuant to Local Patent Rule 4.3(a), the constructions of those terms the parties agree upon are attached hereto as Exhibit A.

## II.     Parties' Proposed Constructions of Disputed Claim Terms

Pursuant to Local Patent Rule 4.3(b), each party's proposed construction of each disputed term, evidence relied upon for such constructions, and evidence relied upon to oppose any other party's construction is attached hereto as Exhibit B.  Depomed and Valeant object to the untimely addition of the following terms well after the Patent Local Rule 4.1 disclosures were due.

1. First solid polymeric matrix

2. Hydroxyalkyl-substituted cellulose

3. Dosage form consisting essentially of a solid monolithic matrix with said drug contained therein

4. Swells in an unrestricted manner along both such axes

Defendants state that Plaintiffs were not prejudiced by the addition of these terms after the initial exchange of terms on November 30, 2011.  First, most of these terms relate to other constructions identified in the initial exchange of terms.  Second, Defendants identified these terms before any exchange of claim constructions — the third and fourth terms were identified on December 23, 2011, and the first two terms were identified on December 27, 2011.  Defendants provided their constructions of these terms on time—that is, on December 28, 2011, when the parties exchanged initial constructions according to the Court's schedule.  Plaintiffs provided their constructions of those terms on January 11, 2012.  Claim construction briefs are not due until March 5, so Plaintiffs' objection is not well founded.

### III.   Identification of Significant Terms

Pursuant to Local Patent Rule 4.3(c), the parties agree that the following terms are most

significant to the resolution of this case:

1. Polymeric matrix

2. Releases said drug into gastric fluid by dissolution and diffusion of said drug out of said matrix

3. Releases substantially all of said drug

4. Solid monolithic matrix

5. Said matrix being non-circular in shape and having a first and second orthogonal axes of unequal length

6. Curing the coated oral dosage form at a temperature of at least 55° C

Defendants identify the following additional terms it believes are also significant to the

resolution of this case:

1. First solid polymeric matrix

2. A second solid polymeric matrix that swells upon imbibition of water to a size large enough to promote retention in the stomach while the stomach is in a fed mode

3. Dosage form consisting essentially of a solid monolithic matrix with said drug contained therein

### IV.   Anticipated Length of Time Necessary for Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(d), the parties anticipate the Claim Construction

Hearing will require up to four (4) hours.

### V.   Identification of Witnesses at Claim Construction Hearing

Depomed's and Valeant's Expert will provide a tutorial on the technology of the '475,

'280, '962, '987 and '667 Patents.

Defendants do not find that a tutorial or expert testimony is warranted for claim

construction.  But if the Court requests a tutorial or allows Plaintiffs to provide one, Defendants'

expert will provide a tutorial as well.  Defendants also reserve the right to call witnesses, including an expert witness, and/or submit declarations to rebut any evidence or testimony offered by Plaintiffs in connection with any disputed terms, and also reserves the right to call any witnesses identified by Plaintiffs.

Respectfully submitted,

January 20, 2012

| By: *s/ Leda Dunn Wettre* | By: *s/ James S. Richter* |
|---|---|
| Leda Dunn Wettre<br>ROBINSON, WETTRE & MILLER LLC<br>One Newark Center, 19th Floor<br>Newark, New Jersey 07102<br>(973) 690-5400<br>LWettre@rwmlegal.com<br>Attorney for Plaintiffs<br>Depomed, Inc. and Valeant International<br>(Barbados) SRL<br><br>OF COUNSEL<br>Paul Andre<br>Lisa Kobialka<br>Sean Boyle<br>Hannah Lee<br>KRAMER LEVIN NAFTALIS & FRANKEL<br>LLP<br>990 Marsh Road<br>Menlo Park, California 94025<br>Attorneys for PlaintiffS<br> Depomed, Inc. and Valeant International<br>(Barbados) SR | James S. Richter<br>jrichter@winston.com<br>Melissa Steele Bogad<br>mbogad@winston.com<br>WINSTON & STRAWN LLP<br>The Legal Center<br>One Riverfront Plaza, Suite 730<br>Newark, New Jersey 07102<br>(973) 848-7676<br><br>OF COUNSEL<br>James F. Hurst<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br><br>Charles B. Klein<br>John K. Hsu<br>WINSTON & STRAWN LLP<br>1700 K Street, NW<br>Washington, DC 20006 |

# Exhibit A

| Claim Term | Agreed to Construction |
|---|---|
| **Remains substantially [intact until all of said drug is released]** | *A polymeric matrix in which the polymer portion substantially retains its size and shape without deterioration due to becoming solubilized in the gastric fluid or due to breakage into fragments or small particles.* |
| **Gastric fluid** | *Both the fluid in the stomach and simulated or artificial fluids recognized by those skilled in the art as a suitable model for the fluid of the human stomach.* |

# Exhibit B

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| **Polymeric matrix** | *A surrounding medium comprising polymer.*<br><br>**Intrinsic Evidence**<br><br>Claims of '475 Patent:<br>1, 19, 22, 24, 27-30, 32-34, 37-40, 42-51, 54-60, 68<br><br>Claims of the '667 Patent:<br>1, 17-19, 23-25, 44-49<br><br>Specification of '475:<br>Abstract<br>Col. 3:3-7<br>Col. 5:63-66<br>Col. 6:9-17<br>Col. 7:54-58<br>Col. 9:7-13<br>Col. 9:24-36<br><br>Specification of the '667 Patent:<br>Col. 1: 56-58<br>Col. 7:8-20<br>Col. 10:60-63<br>Col. 17: 24-27<br><br>**Extrinsic Evidence**<br><br><u>Expert Testimony:</u><br>Deposed's and Valeant's Expert will explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Deposed's and Valeant's Expert will opine that "polymeric matrix" means "a surrounding medium comprising polymer." Deposed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>**Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | *A polymeric formulation containing a sufficient amount of a suitable polymer or polymer mix to provide extended, controlled release of a drug dispersed throughout the formulation.*<br><br>**Intrinsic Evidence**<br><br>'475 and '280 Patents<br>Col. 1, lines 17-23<br>Col. 4, lines 22-25, 54-58<br>Col. 5, lines 25-29, 40-41, 57-67<br>Col. 6, lines 1-24<br>Col. 10, lines 40-44<br><br>'667 Patent<br>Col. 1, lines 49-65<br>Col. 7, lines 3-20<br>Col. 7, line 49-Col. 8, line 4<br>Col. 8, lines 19-31<br><br>**Extrinsic Evidence**<br><br>Graham, et. al., Caffeine Release from Fully Swollen Poly (Ethylene Oxide) Hydrogels, Journal of Controlled Release, 5 (1998) 243-252.<br><br>Apicella, et. al., Poly(ethylene oxide)(PEO) and different molecular weight PEO blends monolithic devices for drug release, Biomaterials 1993, Vol. 14, No. 2.<br><br>Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOX-WSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Intrinsic Evidence** | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems. |
| | Claims of '475 Patent:<br>1, 19, 22, 24, 27-30, 32-34, 37-40, 42-51, 54-60, 68 | |
| | Claims of '667 Patent:<br>1, 17-19, 23-25, 44-49 | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475, '280, and '667 Patents. |
| | Specification of '475, including but not limited to:<br>Abstract<br>Col. 1:17-23<br>Col. 4:22-25 and 54-58<br>Col. 3:3-7<br>Col. 5:25-29, 40-41, 57-62 and 63-66<br>Col. 6:6-24<br>Col. 7:54-58<br>Col. 9:7-13 and 24-36<br>Col. 10: 40-44 | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | Specification of '667, including but not limited to:<br>Col. 1: 56-58<br>Col. 7:8-20<br>Col. 10:60-63<br>Col. 17: 24-27 | |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution histories of the '475, '280, and '667 Patents. | |
| | **Extrinsic Evidence** | |
| | Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to testimony that a person of ordinary skill in the art ("POSITA") would not come to the conclusion that the polymeric matrix, as read in light of the patent, would encompass the limitations "to provide extended, controlled release of a drug dispersed throughout the formulation." | |

- 2 -

| Claim Term | Deponed/Valeant Construction | Sun Construction |
|---|---|---|
| | Graham, et. al., Journal of Controlled Release, 5 (1998) 243-252.<br><br>Apicella, et. al., Biomaterials 1993, Vol. 14, No. 2.<br><br>Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995.<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | |
| [A] Solid polymeric matrix with drug dispersed therein | *A medium comprising polymer that surrounds drug particles.*<br><br>**Intrinsic Evidence**<br><br>Claims of '475 Patent:<br>1, 19, 22, 24, 27-30, 32-34, 37-40, 42-51, 54-60, 68<br><br>Claims of the '667 Patent:<br>1, 17-19, 23-25, 44-49<br><br>Specification of '475:<br>Abstract<br>Col. 3:3-7<br>Col. 5:63-66<br>Col. 6:9-17<br>Col. 7:54-58<br>Col. 9:7-13<br>Col. 9:24-36<br><br>Specification of the '667 Patent:<br>Col. 1: 56-58<br>Col. 7:8-20<br>Col. 10:60-63<br>Col. 17: 24-27<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Deponed's and Valeant's Expert will explain by declaration the intrinsic and extrinsic evidence and how | *A solid polymeric matrix with the drug dispersed throughout the matrix.*<br><br>**Intrinsic Evidence**<br>'475 Patent<br>Col. 5, lines 57-62<br>Col. 10, lines 40-44<br><br>'667 Patent<br>Col. 1, lines 49-65<br>Col. 7, lines 3-20<br>Col. 7, line 49-Col. 8, line 4<br>Col. 8, lines 19-31<br><br>**Extrinsic Evidence**<br>Graham, et. al., Caffeine Release from Fully Swollen Poly (Ethylene Oxide) Hydrogels, Journal of Controlled Release, 5 (1998) 243-252.<br><br>Apicella, et. al., Poly (ethyleneoxide)(PEO) and different molecular weight PEO blends monolithic devices for drug release, Biomaterials 1993, Vol. 14, No. 2.<br><br>Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOX-WSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | one of ordinary skill in the art would construe the claim term. Deposed's and Valeant's Expert will opine that "polymeric matrix" means "a surrounding medium comprising polymer." Deposed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | Colombo, P. Swelling-controlled release in hydrogel matrices for oral route. Advanced Drug Delivery Reviews, 11(1993) 37-57 (DEPOM00006058-78) |
| | | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems |
| | **Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents. |
| | **Intrinsic Evidence** | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | Claims of '475 Patent:<br>1, 19, 22, 24, 27-30, 32-34, 37-40, 42-51, 54-60, 68 | |
| | Specification of '475, including but not limited to:<br>Abstract<br>Col. 1:17-23<br>Col. 3:3-7<br>Col. 4:22-25 and 54-58<br>Col. 5:25-29, 40-41, and 57-62<br>Col. 5:63-66<br>Col. 6:6-24<br>Col. 6:9-17<br>Col. 7:54-58<br>Col. 9:7-13<br>Col. 9:24-36<br>Col. 10: 40-44 | |
| | To the extent appropriate, Deposed and Valeant may rely upon the prosecution histories of the '475 and '280 Patents. | |
| | **Extrinsic Evidence** | |
| | Expert Testimony:<br>Deposed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including | |

- 4 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | but not limited to testimony that a person of ordinary skill in the art ("POSITA") would come to the conclusion that a drug "dispersed therein" was not synonymous with a drug "dispersed throughout" the matrix. | |
| | Graham, et. al., ournal of Controlled Release, 5 (1998) 243-252. | |
| | Apicella, et. al., Biomaterials 1993, Vol. 14, No. 2. | |
| | Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. | |
| | Colombo, P. Advanced Drug Delivery Reviews, 11(1993) 37-57 | |
| | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | |
| **A solid polymeric matrix with drug dispersed therein at a weight ratio of drug to polymer of from about 15:85 to about 80:20** | A *medium comprising polymer that surrounds drug particles at a drug to polymer weight ratio from 14.4:85.6 to 80.8:19.2.* | *The weight of the drug is about 15 to 80% relative to the total weight of drug and polymer in the solid polymeric matrix.* |
| | **Intrinsic Evidence** | **Intrinsic Evidence** |
| | Claims of '475 Patent: 1, 17, 18, 68, 79 | '475 Patent Col. 9, lines 50-55. |
| | Specification: Col. 9:50-57 Col. 9: 21-32 | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents. |
| | **Extrinsic Evidence** | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | Judicial Authority: December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB. | |
| | FDA Guidance for Industry: SUPAC-MR: Modified Release Solid Oral Dosage Forms (September 1997) | |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Expert Testimony:**<br>Depomed's and Valeant's expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's expert will opine that "a solid polymeric matrix with drug dispersed therein at a weight ratio of drug to polymer of from about 15:85 to about 80:20" means "a medium comprising polymer that surrounds drug particles at a drug to polymer weight ratio from 14.4:85.6 to 80.8:19.2." Depomed's and Valeant's expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br><u>Claims of '475 Patent:</u><br>1, 17, 18, 68, 79<br><br><u>Specification of '475, including but not limited to:</u><br>Col. 9:50-57<br>Col. 9: 21-32<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '475 Patent.<br><br>**Extrinsic Evidence**<br><br><u>Judicial Authority:</u><br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br><u>FDA Guidance for Industry:</u><br>SUPAC-MR: Modified Release Solid Oral Dosage Forms (September 1997) See p. 9 | |

- 6 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| **Said polymeric matrix being one that swells upon imbibition of water thereby attaining a size large enough to promote retention in the stomach during the fed mode** | **Expert Testimony:** Depomed's and Valeant's expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to testimony that a person of ordinary skill in the art ("POSITA") would take into consideration the "about" limitation in the claim term. In addition, a POSITA would take into account the polymer portion, and not just the drug portion of the claim term. | Due to the ingress of water into the polymeric matrix, that matrix increases the size of the dosage form such that when it is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours. |
| | *The surrounding medium comprising polymer increases in size such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours.* | **Intrinsic Evidence** |
| | **Intrinsic Evidence** | '475 Patent |
| | Claims of '475 Patent: 1, 17, 18, 68, 79 | Col. 1, lines 17-25 Col. 4, lines 22-25, 54-58 Col. 5, lines 25-29, 40-41, 57-67 Col. 6, lines 1-24 Col. 9, lines 1-5 |
| | Specification: Abstract Col. 5:66 – 6:3 Col. 6:19-24 Col. 7:54-58 Col. 9:1-7 Col. 10:21-39 Col. 11:23-30 Col. 11:53 – 12:4 Col. 12:17-23 Col. 15:51-54 Col. 16:1-32, 57-58, Col. 17:19-23 | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents. |
| | File History: USSN 08/870,509. 5/7/98 Office Action at p. 4 USSN 09/282,233. 5/9/00 Office Action at p. 2 6/15/00 Terminal Disclaimer of U.S. Patent No. 5,972,389. 9/15/00 Notice Of Allowance at p. 1 U.S. Patent No. 5,972,389 Col. 1:58-62 Col. 8:34-45 | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Col. 12:38-51 | |
| | Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | |
| | **Extrinsic Evidence** | |
| | <u>Judicial Authority:</u> December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | <u>Expert Testimony:</u> Depomed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's Expert will opine that "said polymeric matrix being one that swells upon imbibition of water thereby attaining a size large enough to promote retention in the stomach during said fed mode" means that "the polymeric matrix of the drug dosage form increases in size such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| | Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph | |
| | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs | |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |

- 8 -

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Intrinsic Evidence**<br><br>Claims of '475 Patent:<br>1, 17, 18, 68, 79<br><br>Specification of '475, including but not limited to:<br>Abstract<br>Col. 1:17-25<br>Col. 4:22-25, 54-58<br>Col. 5:66 – 6:3, 5-29, 40-41, and 57-62<br>Col. 6:6-18, 19-24<br>Col. 7:54-58<br>Col. 9:1-7<br>Col. 10:21-39, 40-44<br>Col. 11:23-30<br>Col. 11:53 – 12:4<br>Col. 12:17-23<br>Col. 14:6-36, 48-50<br>Col. 15:51-54<br>Col. 16:1-32, 57-58<br>Col. 17:19-23, 35-37<br><br>File History:<br>USSN 08/870,509. 5/7/98 Office Action at p. 4<br>USSN 09/282,233. 5/9/00 Office Action at p. 2<br>6/15/00 Terminal Disclaimer of U.S. Patent No. 5,972,389.<br>9/15/00 Notice Of Allowance at p. 1<br><br>U.S. Patent No. 5,972,389<br>Col. 1:58-62<br>Col. 8:34-45<br>Col. 12:38-51<br><br>To the extent appropriate, Deposed and Valeant may rely upon other parts of the prosecution history of the '475 Patent.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06-00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>Expert Testimony:<br>Deposed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs | |
| **Releases said drug into gastric fluid by dissolution and diffusion of said drug out of said matrix** | *Deposed and Valeant have proposed constructions for "polymeric matrix", "gastric fluid", and "dissolution and diffusion".*<br><br>*The remaining words in this term have a plain and ordinary meaning.*<br><br>**Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Specification of '475, including but not limited to:<br>Col. 5, lines 57-62<br>Col. 6, lines 6-18<br>Col. 9, lines 7-12<br><br>To the extent appropriate, Deposed and Valeant may rely upon the prosecution history of the '280 Patent. | *The water-swollen polymeric matrix controls the dissolution and diffusion of the drug into gastric fluid.*<br><br>*See also the constructions and support for "polymeric matrix", "gastric fluid", and "dissolution and diffusion".*<br><br>**Intrinsic Evidence**<br><br>'475 and '280 Patents<br>Col. 5, line 57-Col. 6, line 23<br>Col. 6, lines 6-24<br>Col. 9, lines 7-12<br><br>**Extrinsic Evidence**<br><br>Apicella, et. al., Poly(ethylene oxide)(PEO) and different molecular weight PEO blends |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Extrinsic Evidence**<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the error in concluding that the matrix "controls dissolution" of the drug. The Expert will opine that dissolution is an inherent thermodynamic property of the drug.<br><br>Apicella, et. al., Biomaterials 1993, Vol. 14, No. 2.<br><br>Graham, et. al., Journal of Controlled Release, 5 (1998) 243-252.<br><br>Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995.<br><br>Colombo, P. Advanced Drug Delivery Reviews, 11(1993) 37-57<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | monolithic devices for drug release, Biomaterials 1993, Vol. 14, No. 2.<br><br>Graham, et. al., Caffeine Release from Fully Swollen Poly (Ethylene Oxide) Hydrogels, Journal of Controlled Release, 5 (1998) 243-252.<br><br>Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOX-WSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995.<br><br>Colombo, P. Swelling-controlled release in hydrogel matrices for oral route. Advanced Drug Delivery Reviews, 11(1993) 37-57 (DEPOM0000606058-78)<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| **Releases substantially all of said drug [within about eight hours after such immersion]** | *At least 80% of the drug has been released after eight hours of immersion in gastric fluid.*<br><br>**Intrinsic Evidence**<br><br>Claims of '475 Patent: | *About 100% of the drug has been released into gastric fluid.*<br><br>**Intrinsic Evidence** |

| Claim Term | Deposmed/Valeant Construction | Sun Construction |
|---|---|---|
| | 1, 19, 22, 24, 27, 30, 34, 40, 43, 44 | '475 and '280 Patents Col. 9, lines, 25-36 |
| | Specification: Abstract FIGS 1-9 Col. 6:10-15 Col. 9:32-36 Col. 12:13-16 Col. 16:34-40 | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents. |
| | **Extrinsic Evidence** | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | Judicial Authority: December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17 | |
| | FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 | |
| | Expert Testimony: Deposmed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Deposmed's and Valeant's Expert will opine that "releases substantially all of said drug (within about eight hours after such immersion)" means "at least 80% of the drug has been released after eight hours of immersion in gastric fluid." Deposmed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |

- 12 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |
| | **Intrinsic Evidence** | |
| | Claims of '475 Patent:<br>1, 19, 22, 24, 27, 30, 34, 40, 43, 44 | |
| | Specification of '475, including but not limited to:<br>Abstract<br>FIGS 1-9<br>Col. 6:10-15<br>Col. 9:25-24 and 32-36<br>Col. 12:13-16<br>Col. 16:34-40 | |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '475 Patent. | |
| | **Extrinsic Evidence** | |
| | Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06-00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | FDA Guidance for Industry:<br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17 | |
| | FDA Guidance for Industry:<br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 | |
| | Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by | |

- 13 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| **Releases said drug into gastric fluid by the dissolving of said drug by said gastric fluid and either the erosion of said matrix or diffusion of said dissolved drug out of said matrix** | Sun in support of its proposed construction. | *The polymeric matrix controls the release of the drug into gastric fluid.* |
| | *Depomed and Valeant have proposed constructions for "polymeric matrix", "gastric fluid", and "dissolution and diffusion".* | *See also constructions and support for "polymeric matrix" and "gastric fluid."* |
| | *The remaining words in this term have a plain and ordinary meaning.* | **Intrinsic Evidence** |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | '475 Patent<br>Col. 6, lines 6-24. |
| | **Intrinsic Evidence** | **Extrinsic Evidence** |
| | Specification of '475, including but not limited to: Col. 6:6-24. | Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOX-WSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '475 Patent. | Colombo, P. Swelling-controlled release in hydrogel matrices for oral route. Advanced Drug Delivery Reviews, 11(1993) 37-57 (DEPOM00006058-78) |
| | **Extrinsic Evidence** | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems |
| | <u>Expert Testimony:</u><br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the failure to address the "erosion or diffusion" aspects of the term. | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents. |
| | Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

- 14 -

| Claim Term | Deponed/Valeant Construction | Sun Construction |
|---|---|---|
| **While releasing substantially all of said drug within the stomach where said drug is maintained in an acidic environment** | *At least 80% of the drug has been released after eight hours of immersion in gastric fluid.*<br><br>**Intrinsic Evidence**<br><br>Claims of '475 Patent: <br>34, 37-40, 42-44<br><br>Specification: <br>Abstract<br>FIGS 1-9<br>Col. 6:10-15<br>Col. 9:32-36<br>Col. 12:13-16<br>Col. 16:34-40<br><br>**Extrinsic Evidence**<br><br>Judicial Authority: <br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>FDA Guidance for Industry: <br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17<br><br>FDA Guidance for Industry: <br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>Expert Testimony: <br>Deponed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Deponed's and Valeant's Expert will opine that "releases substantially all of said drug (within about | *Releasing about 100% of the drug in the stomach having a pH value of less than 7.*<br><br>**Intrinsic Evidence**<br><br>'475 Patent <br>Col. 5, lines 46-54 <br>Col. 6, lines 39-42<br><br>**Extrinsic Evidence**<br><br>Remington: The Science and Practice of Pharmacy, 20h Edition, Chapter 17: Ionic Solutions and Electrolytic Equilibria<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions.<br><br>Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | eight hours after such immersion)'' means "at least 80% of the drug has been released after eight hours of immersion in gastric fluid.'' Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |
| | **Intrinsic Evidence** | |
| | Claims of '475 Patent: 34, 37-40, 42-44 | |
| | Specification of '475, including but not limited to: Abstract FIGS 1-9 Col. 5:46-54 Col. 6:39-42 Col. 6:10-15 Col. 9:32-36 Col. 12:13-16 Col. 16:34-40 | |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '475 Patent. | |
| | **Extrinsic Evidence** | |
| | Judicial Authority: December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo | |

- 16 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Correlations (September 1997) at pp.2, 4, 16-17 | |
| | FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 | |
| | Expert Testimony: Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| Dissolution and diffusion | *Rapid dissolution of the drug by the gastric fluid, followed by slow diffusion of the drug out of the matrix, such that the drug is released at a rate primarily controlled by the rate of diffusion.* | *Rapid dissolution of the drug, followed by slow diffusion of the drug out of the water-swollen polymeric matrix, such that the drug is released at a rate controlled by the rate of diffusion from such matrix.* |
| | **Intrinsic Evidence** | **Intrinsic Evidence** |
| | Claims of '475 Patent: 1, 19, 22, 24, 25, 27, 28, 30-35, 38, 39, 43, 68, 79 | '475 and '280 Patents Col. 5, lines 57-Col. 6:24 Col. 9, lines 7-12 |
| | Specification: Abstract Col. 1:16-18 Col. 5:57 – 6:24 Col. 9:7-13 Col. 10:8-19 | **Extrinsic Evidence** |
| | File History: USSN 08/870,509. 8/19/98 Response at pp. 3-4 Apicella et al., 14 BIOMATERIALS 83-90 (1993). WO 93/18755 | *Depomed, Inc., v. Lupin Pharmaceuticals, Inc., et. al.,* (09-5587), Order Construing Claims [Dkt. 107] Graham, et. al., Caffeine Release from Fully Swollen Poly (Ethylene Oxide) Hydrogels, Journal of Controlled Release, 5 (1998) 243-252. |
| | **Extrinsic Evidence** | Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOX-WSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. |
| | Judicial Authority: December 21, 2007, Supplemental Claim Construction and Summary Judgment Order by Judge Breyer in Case No. CV 06-00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-0587 PJH. | Colombo, P. Swelling-controlled release in hydrogel |

- 17 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Expert Testimony:**<br>Depomed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's Expert will opine that "dissolution and diffusion" means "rapid dissolution of the drug by the gastric fluid, followed by slow diffusion of the drug out of the matrix, such that the drug is released at a rate primarily controlled by the rate of diffusion." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>Hawley's Condensed Chemical Dictionary (14th Ed., 2001) at pp. 379, 656, 1032<br><br>Webster's New Encyclopedic Dictionary (1993) at p. 292<br><br>Chandrasekaran et al., 71 PHARM. SCI. 1399 (1982)<br><br>Colombo, 11 ADV. DRUG DEL. REV. 37-57 (1993)<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br><u>Claims of '475 Patent:</u><br>1, 19, 22, 24, 25, 27, 28, 30-35, 38, 39, 43, 68, 79<br><br>Specification of '475, including but not limited to:<br>Abstract<br>Col. 1:16-18<br>Col. 5:57 – 6:24<br>Col. 9:7-13<br>Col. 10:8-19<br><u>File History:</u> | matrices for oral route, Advanced Drug Delivery Reviews, 11(1993) 37-57 (DEPOM0006058-78)<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

- 18 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | USSN 08/870,509, 8/19/98 Response at pp. 3-4; Apicella et al., 14 BIOMATERIALS 83-90 (1993); WO 93/18755 | |
| | To the extent appropriate, Depomed and Valeant may rely upon other parts of the prosecution history of the '475 Patent. | |
| | **Extrinsic Evidence** | |
| | <u>Judicial Authority:</u> December 21, 2007, Supplemental Claim Construction and Summary Judgment Order by Judge Breyer in Case No. CV 06-00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | <u>Expert Testimony:</u> Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| | Hawley's Condensed Chemical Dictionary (14th Ed., 2001) at pp. 379, 656, 1032 | |
| | Webster's New Encyclopedic Dictionary (1993) at p. 292 | |
| | Chandrasekaran et al., 71 PHARM. SCI. 1399 (1982) | |
| | Colombo, 11 ADV. DRUG DEL. REV. 37-57 (1993) | |
| | Graham, et. al., Journal of Controlled Release, 5 (1998) 243-252. | |
| | Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. | |
| | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| Until all of said drug is released | *Until the plateau of the dissolution profile characterizing drug release from the swollen dosage form is reached.* | *Until all of the drug has been released into the gastric fluid.* |
| | **Intrinsic Evidence** | **Intrinsic Evidence** |
| | Claims of '475 Patent:<br>1, 3, 4, 6, 19, 22, 24, 30, 34, 40, 43, 44, 65 | '475 Patent<br>Col. 9, lines 11-21; 32-34 |
| | Specification:<br>Abstract<br>FIGS. 1, 4, 5, 7, 9<br>Col. 5:57 – col. 6:17<br>Col. 6:49-51, 59-62, 65-67<br>Col. 7:3-4<br>Col. 11:7-30<br>Col. 12:10 – col. 13:8<br>Col. 13:65 – col. 14:50<br>Col. 15:40-59<br>Col. 17:24-43 | To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | File History:<br>05/09/2000 Office Action at pp. 1-2<br>U.S. Patent No. 5,972,389 at Col. 5:7-35 at 27-35 | |
| | **Extrinsic Evidence** | |
| | Judicial Authority:<br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | FDA Guidance for Industry:<br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17. | |
| | FDA Guidance for Industry:<br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br>Expert Testimony:<br>Depomed's and Valeant's Expert will also explain by | |

- 20 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's Expert will opine that "until all of said drug is released" means "until the plateau of the dissolution profile characterizing drug release from the swollen dosage form is reached." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** **Intrinsic Evidence** <u>Claims of '475 Patent:</u> 1, 3, 4, 6, 19, 22, 24, 30, 34, 40, 43, 44, 65 <u>Specification of '475, including but not limited to:</u> Abstract FIGS. 1, 4, 5, 7, 9 Col. 5:57 – col. 6:17 Col. 6:49-51, 59-62, 65-67 Col. 7:3-4 Col. 9:1-41 Col. 11:7-30 Col. 12:10 – col. 13:8 Col. 13:65 – col. 14:50 Col. 15:40-59 Col. 17:24-43 <u>File History:</u> 05/09/2000 Office Action at pp. 1-2 U.S. Patent No. 5,972,389 at Col. 5:7-35 at 27-35 To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '475 Patent. **Extrinsic Evidence** | |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Judicial Authority:<br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>FDA Guidance for Industry:<br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.<br><br>FDA Guidance for Industry:<br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the failure to consider usual and customary aspects of drug release. Further, the addition of the limitation "into the gastric fluid" into this term is not supported by the patent. | |
| One or more polymers forming a solid polymeric matrix with said drug incorporated therein | *One or more polymeric materials forming a medium that surrounds drug particles.*<br><br>*See above for "polymeric matrix with drug dispersed therein".*<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Specification of '280, including but not limited to:<br>Col. 5:57-62<br>Col. 9:42-45<br>Col. 10:40-44<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '280 Patent. | *The drug is dispersed throughout a solid polymeric matrix formed by one or more polymers.*<br><br>*See also the constructions and support for "polymeric matrix" and "polymeric matrix with drug dispersed therein."*<br><br>**Intrinsic Evidence**<br><br>'280 Patent<br><br>Col. 5, lines 57-62<br>Col. 9, lines 42-45<br>Col. 10, lines 40-44<br><br>To the extent appropriate, Defendants may rely upon the |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Extrinsic Evidence** <br><br> Expert Testimony: <br> Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the inappropriate equating of "incorporated therein" with "dispersed throughout". <br><br> Colombo, P. Advanced Drug Delivery Reviews, 11(1993) 37-57 <br><br> Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | prosecution histories of the '475 and '280 Patents. <br><br> Defendants reserve the right to rely on any reference cit[ed] their claim construction submissions to support Defenda[nts] Defendants also reserve the right to rely on any referenc[e] party to oppose Plaintiffs' constructions. |
| **At a weight ratio of drug to polymer of from 15:85 to 80:20** | *Plain and ordinary meaning.* <br><br> **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** <br><br> See materials for constructions for "polymeric matrix", and "from about 15:85 to about 80:20". <br><br> **Intrinsic Evidence** <br><br> Specification of '280, including but not limited to: Col. 9:50-55 <br><br> To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '280 Patent. | *The weight of the drug is 15 to 80% relative to the total weight of drug and polymer in the solid polymeric matrix.* <br><br> **Intrinsic Evidence** <br><br> **'280 Patent** <br> Col. 9, lines 50-55 <br><br> To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents. <br><br> Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| **Said dosage form being one that when swollen in a dimensionally unrestricted manner as a result of imbibition of water is of a size exceeding the pyloric diameter in the fed mode to promote retention in the stomach during said/the fed mode** | *The polymeric matrix of the drug dosage form increases in size such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours.*<br><br>**Intrinsic Evidence**<br><br>Claims of '280 Patent:<br>1, 17, 18<br><br>Specification:<br>Abstract<br>Col. 5:66 – 6:3<br>Col. 6:19-24<br>Col. 7:54-58<br>Col. 9:1-7<br>Col. 10:21-39<br>Col. 11:23-30<br>Col. 11:53 – 12:4<br>Col. 12:17-23<br>Col. 14:6-36, 48-50<br>Col. 15:41-59<br>Col. 17:19-23<br>Col 17:35-37<br><br>File History:<br>USSN 08/870,509. 5/7/98 Office Action at p. 4.<br>USSN 09/282,233. 5/9/00 Office Action at p. 2.<br>6/15/00 Terminal Disclaimer of U.S. Patent No. 5,972,389.<br>9/15/00 Notice Of Allowance at p. 1.<br>U.S. Patent No. 5,972,389<br>Col. 1:58-62<br>Col. 8:34-40<br>Col. 12:30-51.<br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>**Extrinsic Evidence** | *Upon unrestricted swelling, the dosage form reaches a size larger than the diameter of the human pylorus in the fed mode, promoting extended retention of the dosage form in the stomach.*<br><br>**Intrinsic Evidence**<br><br>**'280 Patent**<br>Col. 5, line 66 – Col. 6 line 3<br>Col. 6, lines 24-30<br>Col. 11, line 64 - Col. 12, line 5<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

- 24 -

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>Expert Testimony:<br>Deposed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114–115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp. 349-59.<br><br>**Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Claims of '280 Patent:<br>1, 17, 18<br><br>Specification of '280, including but not limited to:<br>Abstract<br>Col. 5:66 – 6:3<br>Col. 6:19-30<br>Col. 7:54-58<br>Col. 9:1-7<br>Col. 10:21-39<br>Col. 11:23-30<br>Col. 11:53 – 12:4 | |

- 25 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Col. 12:17-23<br>Col. 14:6-36, 48-50<br>Col. 17:19-23<br>Col 17:35-37<br><br>File History:<br>USSN 08/870,509. 5/7/98 Office Action at p. 4.<br>USSN 09/282,233. 5/9/00 Office Action at p. 2.<br>6/15/00 Terminal Disclaimer of U.S. Patent No. 5,972,389.<br>9/15/00 Notice Of Allowance at p. 1.<br>U.S. Patent No. 5,972,389<br>Col. 1:58-62<br>Col. 8:34-40<br>Col. 12:30-51.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '280 Patent.<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph. | |

- 26 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| Releases said drug into gastric fluid by dissolution and diffusion of said drug out of said matrix [by said gastric fluid] | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp. 349-59.<br><br>*Depomed and Valeant have proposed constructions for "polymeric matrix", "gastric fluid", and "dissolution and diffusion".*<br><br>*The remaining words in this term have a plain and ordinary meaning.*<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>In addition to the above listed materials, the following materials:<br><br>**Intrinsic Evidence**<br><br>Specification of '280, including but not limited to:<br>Col. 5:57- Col. 6:23<br>Col. 9:7-12<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '280 Patent.<br><br>**Extrinsic Evidence**<br><br><u>Expert Testimony:</u><br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the inconsistences of this construction with proposed constructions for very similar terms. In addition, that the matrix does not control dissolution, rather dissolution is controlled by the thermodynamics of drug solubility. | *The water-swollen polymeric matrix controls the dissolution and diffusion of the drug into gastric fluid.*<br><br>*See also the constructions and support for "polymeric matrix", "gastric fluid", and "dissolution and diffusion".*<br><br>**Intrinsic Evidence**<br><br>'475 and '280 Patents<br>Col. 5, line 57- Col. 6, line 23<br>Col. 9, lines 7-12<br><br>**Extrinsic Evidence**<br><br>Apicella, et. al., Poly(ethylene oxide) PEO and different molecular weight PEO blends monolithic devices for drug release, Biomaterials 1993, Vol. 14, No. 2.<br><br>Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOX-WSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995.<br><br>Colombo, P. Swelling-controlled release in hydrogel matrices for oral route, Advanced Drug Delivery Reviews, 11(1993) 37-57 (DEPOM00006058-78)<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems<br><br>To the extent appropriate, Defendants may rely upon the |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| **Releases substantially all of said drug [within about eight hours] after such immersion** | Apicella, et. al., Biomaterials 1993, Vol. 14, No. 2.<br><br>Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995.<br><br>Colombo, P. Advanced Drug Delivery Reviews, 11(1993) 37-57<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47<br><br>*At least 80% of the drug has been released after eight hours of immersion in gastric fluid.*<br><br>**Intrinsic Evidence**<br><br>Claims of '475 Patent:<br>1, 19, 22, 24, 27, 30, 34, 40, 43, 44<br><br>Specification:<br>Abstract<br>FIGS 1-9<br>Col. 6:10-15<br>Col. 9:32-36<br>Col. 12:13-16<br>Col. 16:34-40<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06-00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>FDA Guidance for Industry:<br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17 | prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions.<br><br>*About 100% of the drug has been released into gastric fluid.*<br><br>**Intrinsic Evidence**<br><br>'280 Patent<br>Col. 9, lines, 25-36<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 Expert Testimony: Deposed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Deposed's and Valeant's Expert will opine that "releases substantially all of said drug (within about eight hours after such immersion)" means "at least 80% of the drug has been released after eight hours of immersion in gastric fluid." Deposed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. **Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** **Intrinsic Evidence** Claims of '475 Patent: 1, 19, 22, 24, 27, 30, 34, 40, 43, 44 Specification of '475, including but not limited to: Abstract FIGS 1-9 Col. 6:10-15 Col. 9:13-15, 32-36 and 36-41 Col. 12:13-16 Col. 16:34-40 To the extent appropriate, Deposed and Valeant may rely upon the prosecution history of the '280 or '475 Patent. **Extrinsic Evidence** | |

- 29 -

| Claim Term | Deponed/Valeant Construction | Sun Construction |
|---|---|---|
| | <u>Judicial Authority:</u><br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br><u>FDA Guidance for Industry:</u><br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17<br><br><u>FDA Guidance for Industry:</u><br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br><u>Expert Testimony:</u><br>Deponed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | |
| **At a weight ratio of drug to polymer of from 0.01:99.99 to 80:20** | *Plain and ordinary meaning.*<br><br>**Deponed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Specification of '280, including but not limited to: Col. 9:50-60<br><br>To the extent appropriate, Deponed and Valeant may rely upon the prosecution history of the '280 or '475 Patent.<br><br>**Extrinsic Evidence**<br><br><u>Expert Testimony:</u> | *The weight of the drug is .01% to 80% relative to the total weight of drug and polymer in the solid polymeric matrix.*<br><br>**Intrinsic Evidence**<br><br>'280 Patent<br>Col. 9, lines 50-60<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions.<br>Defendants also reserve the right to rely on any |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| **Said dosage form being one that when swollen in a dimensionally unrestricted manner as a result of imbibition of water is of a size exceeding the pyloric diameter in the fed mode to promote retention in the stomach during the fed mode** | Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.

*The polymeric matrix of the drug dosage form increases in size such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours.*

**Intrinsic Evidence**

Claims of '280 Patent:
1, 17, 18

Specification:
Abstract
Col. 5:66 – 6:3
Col. 6:19-24
Col. 7:54-58
Col. 9:1-7
Col. 10:21-39
Col. 11:23-30
Col. 11:53 – 12.4
Col. 12:17-23
Col. 14:6-36, 48-50
Col. 15:41-59
Col. 17:19-23
Col 17:35-37

File History:
USSN 08/870,509. 5/7/98 Office Action at p. 4.
USSN 09/282,233. 5/9/00 Office Action at p. 2.
6/15/00 Terminal Disclaimer of U.S. Patent No. 5,972,389.
9/15/00 Notice Of Allowance at p. 1.
U.S. Patent No. 5,972,389
Col. 1:58-62
Col. 8:34-40
Col. 12:30-51
Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | reference cited by either party to oppose Plaintiffs' constructions.

Due to the ingress of water into the polymeric matrix, that matrix increases the size of the dosage form such that when it is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours.

Intrinsic Evidence
'280 Patent
Col. 11, line 63- Col. 12, line 4

To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.

Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions.
Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Extrinsic Evidence** | |
| | <u>Expert Testimony:</u><br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| | Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph. | |
| | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs. | |
| | Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp. 349-59. | |
| | <u>Judicial Authority:</u><br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |
| | **Intrinsic Evidence** | |
| | <u>Claims of '280 Patent:</u><br>1, 17, 18 | |
| | <u>Specification of '280, including but not limited to:</u><br>Abstract<br>Col. 5:66 – 6:3<br>Col. 6:19-30<br>Col. 7:54-58<br>Col. 9:1-7<br>Col. 10:21-39 | |

- 32 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Col. 11:23-30<br>Col. 11:53 – 12:4<br>Col. 12:17-23<br>Col. 14:6-36, 48-50<br>Col. 17:19-23<br>Col. 17:35-37<br><br>File History:<br>USSN 08/870,509. 5/7/98 Office Action at p. 4.<br>USSN 09/282,233. 5/9/00 Office Action at p. 2.<br>6/15/00 Terminal Disclaimer of U.S. Patent No. 5,972,389.<br>9/15/00 Notice Of Allowance at p. 1.<br>U.S. Patent No. 5,972,389<br>Col. 1:58-62<br>Col. 8:34-40<br>Col. 12:30-51.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '280 Patent.<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first | |

- 33 -

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp. 349-59. | |
| Until substantially all of said drug is released | *At least 80% of the drug has been released after eight hours of immersion in gastric fluid.*<br><br>**Intrinsic Evidence**<br><br>Claims of '280 Patent:<br>1, 19, 22, 24, 30, 34, 40, 43-46<br><br>Specification:<br>Abstract<br>FIGS 1-9<br>Col. 6:10-15<br>Col. 9:32-36<br>Col. 12:13-16<br>Col. 16:34-40<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>FDA Guidance for Industry:<br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17<br><br>FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 | *Until about 100% of the drug has been released into gastric fluid.*<br><br>**Intrinsic Evidence**<br><br>'280 Patent<br>Col. 9, lines 12-15, 32-34<br><br>To the extent appropriate, Defendants may rely upon the prosecution histories of the '475 and '280 Patents.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Expert Testimony:<br>Depomed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's Expert will opine that "until substantially all of said drug is released" means "at least 80% of the drug has been released after eight hours of immersion in gastric fluid." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Claims of '280 Patent:<br>1, 19, 22, 24, 30, 34, 40, 43-46<br><br>Specification of '280, including but not limited to:<br>Abstract<br>FIGS 1-9<br>Col. 6:10-15<br>Col. 9:32-36<br>Col. 12:13-16<br>Col. 16:34-40<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '280 Patent.<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |

- 35 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
| --- | --- | --- |
| first solid polymeric matrix | FDA Guidance for Industry: Extended Release Oral Dosage Forms: Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17. <br><br> FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 <br><br> Expert Testimony: Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. <br><br> Plain and ordinary meaning.[1] <br><br> **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** <br><br> In addition to the above listed materials, the following materials: <br><br> **Intrinsic Evidence** <br><br> Specification of '667, including but not limited to: <br> Col. 1:49-65. <br> Col. 7:3-20. <br> Col. 7:49-Col. 8:4. <br> Col. 8:19-31. <br><br> To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '667 Patent. <br><br> **Extrinsic Evidence** <br><br> Expert Testimony: Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by | *A solid polymeric formulation containing a sufficient amount of a suitable polymer or polymer mix to provide extended, controlled release of a drug dispersed throughout the formulation.* <br><br> **Intrinsic Evidence** <br><br> '667 Patent <br> Col. 1, lines 49-65. <br> Col. 7, lines 3-20. <br> Col. 7, line 49-Col. 8, line 4. <br> Col. 8, lines 19-31. <br><br> **Extrinsic Evidence** <br><br> Kim, Cherng-Ju, Drug Release from Compressed Hydrophilic POLYOXWSR Tablets, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. <br><br> Apicella, et. al., Poly(ethylene oxide) PEO and different molecular weight PEO blends monolithic devices for drug |

[1] Depomed and Valeant object to the untimely addition of this term on December 19, 2011, well after Patent Local Rule 4.1 disclosures were due.

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | Sun in support of its proposed construction, including but not limited to the apparent function assigned to "first". | release, Biomaterials 1993, Vol. 14, No. 2. |
| | | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems |
| | Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995. | |
| | Apicella,et. al., Biomaterials 1993, Vol. 14, No. 2. | To the extent appropriate, Defendants may rely upon the prosecution history of the '667 Patent. |
| | Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | |
| | | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| A core comprising a first solid polymeric matrix with said drug dispersed therein | *A core comprising a first medium comprising polymeric materials that surrounds drug particles.* | *The core of a drug dosage form comprising a drug dispersed throughout a first solid polymeric matrix.* |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | **Intrinsic Evidence** |
| | See materials above for the term "a solid polymeric matrix with drug dispersed therein". | '667 Patent Col. 7, lines 3-20. Col. 7, line 49-Col. 8, line 4. Col. 8, lines 19-31. |
| | **Intrinsic Evidence** | |
| | Specification of '667, including but not limited to: Col. 7:3-20. Col. 7:49 - Col. 8:4. Col. 8:19-31. | To the extent appropriate, Defendants may rely upon the prosecution history of the '667 Patent. |
| | | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '667 Patent. | |
| | **Extrinsic Evidence** | |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Expert Testimony:**<br>Deposed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the equating of "dispersed therein" with "dispersed throughout".<br><br>Kim, Cherng-Ju, Journal of Pharmaceutical Sciences, Vol. 84, No. 3, March 1995.<br><br>Apicella, et al., Biomaterials 1993, Vol. 14, No. 2. | |
| **A second solid polymeric matrix that swells upon imbibition of water to a size large enough to promote retention in the stomach while the stomach is in fed mode** | *A second medium comprising polymeric materials which increases in size such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours.*<br><br>**Intrinsic Evidence**<br><br>Claims of '667 Patent:<br>1<br><br>Specification:<br>Col. 7:8-20<br>Col. 8:18-31<br>Col. 11:34-38<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06–00100 CRB.<br><br>May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH.<br><br>**Expert Testimony:**<br>Deposed's and Valeant's Expert will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Deposed's and Valeant's Expert will opine that "A second solid polymeric matrix that swells upon | *A second, solid polymeric formulation comprised of a water-swellable polymer that surrounds and fully encases the core, is of sufficient thickness and strength that it is not disrupted by the swelling, and remains intact and of a size large enough to promote gastric retention; the "shell"*<br><br>**Intrinsic Evidence**<br><br>'667 Patent<br>Col. 7, lines 9-20.<br>Col. 7, line 49-Col. 8, line 4.<br>Col. 8, lines 19-31.<br><br>Prosecution History<br><br>March 17, 2009 and September 9, 2009: Responses to §103 rejection as to CA 222038 (Odidi).<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '667 Patent.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | imbibition of water to a size large enough to promote retention in the stomach while the stomach is in fed mode" means "A second medium comprising polymeric materials which increases in size such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | reference cited by either party to oppose Plaintiffs' constructions. |
| | Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph | |
| | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs | |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |
| | **Intrinsic Evidence** | |
| | Claims of '667 Patent: 1 | |
| | Specification of '667, including but not limited to: Col. 7:8-20 Col. 7:49 – 8:4 Col. 8:18-31 Col. 11:34-38 | |
| | Prosecution History: March 17, 2009 and September 9, 2009: Responses to §103 rejection as to CA 222038 (Odidi). | |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '667 Patent. | |

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Extrinsic Evidence** | |
| | <u>Judicial Authority:</u><br>December 20, 2006, Claim Construction Order by Judge Breyer in Case No. CV 06- 00100 CRB. | |
| | May 17, 2011, Claim construction Order by Judge Hamilton in case No. CV 09-05587 PJH. | |
| | <u>Expert Testimony:</u><br>Deposed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the inconsistent construction of this term as compared to similar terms. | |
| | Khosala et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114–115, p. 115, second col., first paragraph | |
| | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs | |
| **hydroxyalkyl-substituted cellulose** | *Plain and ordinary meaning.*[2]<br><br>**Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Specification of '667, including but not limited to:<br><br>Col. 8:61-64<br>Col. 9:5-10<br><br>To the extent appropriate, Deposed and Valeant may | *A cellulose derivative having the structure*<br><br><br><br>*which dissolves in the GI tract in a predictably delayed manner wherein at least one R has a free hydroxyl group* |

[2] Deposed and Valeant object to the untimely addition of this term on December 19, 2011, well after Patent Local Rule 4.1 disclosures were due.

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | rely upon the prosecution history of the '667 Patent.<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the facts that this term does not require context, such as "which dissolves in the GI tract" to be construed. | and is represented by -(AO)mH wherein A is a straight chain or branched alkyl.<br><br>**Intrinsic Evidence**<br><br>**'667 Patent**<br>Col. 8, lines 61-64<br>Col. 9, lines 5-10<br><br>**Extrinsic Evidence**<br><br>Tiwari et al., Modulation of drug release from hydrophilic matrices, Pharmaceutical Technology Europe, September 2008.<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '667 Patent.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| **Solid monolithic matrix** | Single entire matrix.<br><br>**Intrinsic Evidence**<br><br>Claims of the '962 Patent:<br>1<br><br>Specification:<br>Col. 3:23-28<br>Col. 6:39-62<br>Col. 8:3-19<br><br>File History: | A polymeric matrix that is compressed as a single-unit tablet, and not as two or more layers.<br><br>**Intrinsic Evidence**<br><br>'962 Patent<br>Col. 11, line 13 – Col. 12, line 64<br><br>Prosecution History<br><br>Amendment, January 16, 2002 |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | USSN 09/598,061. 8/3/01 Final Office Action at pp. 5-6<br>12/5/01 Amendment Under 37 CFR 1.116 Expedited<br>Procedure Examining Group1615 at pp. 2-5<br>3/27/2002 Office Action at pp. 5-6<br>4/25/2002 Correction and Request for Reconsideration<br>at pp. 2-3<br>U.S. Patent No. 6,120,803<br><br>Merriam Webster's Collegiate Dictionary 10th Ed.<br>(1995) at p. 753<br><br>**Extrinsic Evidence**<br><br>Judicial Authority:<br>May 17, 2011, Claim construction Order by Judge<br>Hamilton in case No. CV 09-05587 PJH.<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert will provide a tutorial<br>on the technology of the '475, '280, '962, '987 and '667<br>Patents. Depomed's and Valeant's Expert will also<br>explain by declaration the intrinsic and extrinsic<br>evidence and how one of ordinary skill in the art would<br>construe the claim term. Depomed's and Valeant's<br>Expert will opine that "solid monolithic matrix" means<br>"single entire matrix." Depomed's and Valeant's Expert<br>may also respond to and address evidence, opinions, and<br>testimony asserted by Sun in support of its proposed<br>construction.<br><br>McGraw-Hill Dictionary of Scientific and Technical<br>Terms (6th Ed. 2003) at p. 1369<br><br>McGraw-Hill Dictionary of Scientific and Technical<br>Terms (5th Ed. 1994) at p. 1293<br><br>**Depomed and Valeant will rely at least on the<br>following to oppose Sun's proposed claim term<br>construction.**<br><br>**Intrinsic Evidence** | Correction and Request for Consideration,<br>May 9, 2002<br><br>Amendment, July 19, 2002<br><br>To the extent appropriate, Defendants may rely upon other<br>parts of the prosecution history of the '962 Patent.<br><br>Defendants reserve the right to rely on any reference<br>cited by Plaintiffs in their claim construction<br>submissions to support Defendants' constructions.<br>Defendants also reserve the right to rely on any<br>reference cited by either party to oppose Plaintiffs'<br>constructions. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | <u>Claims of the '962 Patent:</u><br>1<br><br><u>Specification of '962, including but not limited to Col.</u><br>3:23-28<br>Col. 3, 52-53<br>Col. 6:39-62<br>Col. 8:3-19<br>Col. 11:13-12:64<br><br><u>File History:</u><br>USSN 09/598,061. 8/3/01 Final Office Action at pp. 5-6<br>12/5/01 Amendment Under 37 CFR 1.116 Expedited<br>Procedure<br>Examining Group1615 at pp. 2-5<br>3/27/2002 Office Action at pp. 5-6<br>4/25/2002 Correction and Request for Reconsideration<br>at pp. 2-3.<br>Amendment, January 16, 2002<br>Correction and Request for Consideration,<br>May 9, 2002<br>Amendment, July 19, 2002<br>U.S. Patent No. 6,120,803.<br>Merriam Webster's Collegiate Dictionary 10th Ed.<br>(1995) at p. 753<br><br>To the extent appropriate, Depomed and Valeant may<br>rely further upon the prosecution history of the '962<br>Patent.<br><br>**Extrinsic Evidence**<br><br><u>Judicial Authority:</u><br>May 17, 2011, Claim construction Order by Judge<br>Hamilton in case No. CV 09-05587 PJH.<br><br><u>Expert Testimony:</u><br>Depomed's and Valeant's Expert may respond to and<br>address evidence, opinions, and testimony asserted by<br>Sun in support of its proposed construction. | |

- 43 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| **Dosage form consisting essentially of a solid monolithic matrix with said drug contained therein** | McGraw-Hill Dictionary of Scientific and Technical Terms (6th Ed. 2003) at p. 1369<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th Ed. 1994) at p. 1293<br><br>*See above for "solid monolithic matrix" and "drug contained therein".*[3]<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>See materials above for the term "a solid polymeric matrix with drug dispersed therein".<br><br>**Intrinsic Evidence**<br><br>Claims of '962 Patent:<br>1<br><br>Specification of '962, including but not limited to: Col. 4:49-51.<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '962 Patent.<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the lack of support for why a POSITA would include restriction limitations into the term.<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47 | *Dosage form with a solid monolithic matrix containing the drug and no other components that restrict swelling of the matrix.*<br><br>**Intrinsic Evidence**<br><br>'962 Patent<br>Claim 1<br>Col. 4, lines 48-55<br><br>**Extrinsic Evidence**<br><br>Remington: The Science and Practice of Pharmacy, 20th Edition, Chapter 47: Controlled-Release Drug Delivery Systems<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '962 Patent.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

- 44 -

[3] Depomed and Valeant object to the untimely addition of this term on December 19, 2011, well after Patent Local Rule 4.1 disclosures were due.

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| **swells in an unrestricted manner along both such axes** | *Imbibition of fluid causes an increase in volume of the matrix, wherein the relative length of both axes after imbibition of fluid is substantially the same as the relative dimensions of the original matrix.*[4]<br><br>**Intrinsic Evidence**<br><br>Claims of the '962 Patent:<br>1<br><br>Specification:<br>Abstract<br>Col. 3: 27-36<br>Col. 4: 23-47<br>Col. 4:48-53<br><br>File History:<br>USSN 09/598,061. 8/3/01 Final Office Action at pp. 5-6<br>12/5/01 Amendment Under 37 CFR 1.116 Expedited<br>Procedure Examining Group1615 at pp. 2-5<br>3/27/2002 Office Action at pp. 5-6<br>4/25/2002 Correction and Request for Reconsideration<br>at pp. 2-3<br>U.S. Patent No. 6,120,803<br>Merriam Webster's Collegiate Dictionary 10th Ed.<br>(1995) at p. 753<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert will explain by<br>declaration the intrinsic and extrinsic evidence and how | *No component of the dosage form hinders swelling of the matrix in any dimension (i.e. prevents completely or partially the matrix from swelling).*<br><br>**Intrinsic Evidence**<br><br>**'962 Patent**<br>Col. 3, lines 51-52<br>Col. 4, lines 48-52<br>Prosecution History<br>Response to Office Action, April 25, 2002<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '962 Patent.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |

---

[4] Depomed and Valeant object to the untimely addition of this term on December 19, 2011, well after Patent Local Rule 4.1 disclosures were due.

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's Expert will opine that "swells in an unrestricted manner along both such axes" means "imbibition of fluid causes an increase in volume that is not affected by a restraining element in contact with the matrix." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |
| | **Intrinsic Evidence** | |
| | Claims of the '962 Patent: 1 | |
| | Specification of '962, including but not limited to: Abstract Col. 3: 27-36 and 51-52 Col. 4: 23-47 and 48-52 Col. 4:48-53 | |
| | File History: USSN 09/598,061. 8/3/01 Final Office Action at pp. 5-6 12/5/01 Amendment Under 37 CFR 1.116 Expedited Procedure Examining Group1615 at pp. 2-5 3/27/2002 Office Action at pp. 5-6 4/25/2002 Correction and Request for Reconsideration at pp. 2-3. Response to Office Action, April 25, 2002 U.S. Patent No. 6,120,803. | |
| | To the extent appropriate, Depomed and Valeant may rely further upon the prosecution history of the '962 Patent. | |
| | **Extrinsic Evidence** | |

- 46 -

| Claim Term | Deposed/Valeant Construction | Sun Construction |
|---|---|---|
| **Said matrix being non-circular in shape and having a first and second orthogonal axes of unequal length** | Expert Testimony:<br>Deposed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction.<br><br>*Plain and ordinary meaning.*<br><br>**Deposed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Specification of '962, including but not limited to:<br>Col. 3:5-13 and 21-41<br>Col. 4:7-48.<br><br>To the extent appropriate, Deposed and Valeant may rely upon the prosecution history of the '962 Patent.<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Deposed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the POSITA would not read "largest" into the term. | *The largest planar projection of the shape has first and second orthogonal axes of unequal length.*<br><br>**Intrinsic Evidence**<br><br>'962 Patent<br>Col. 3, lines 5-13, lines 22-41.<br>Col. 4, lines 7-48<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '962 Patent.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| **An oval** | *Any curve that is closed and concave towards the center wherein the geometric form bounded by the closed curve has first and second orthogonal axes of unequal length.*<br><br>**Intrinsic Evidence**<br><br>Claims of the '962 Patent:<br>1<br><br>Specification:<br>Col. 3:22-42<br>Col. 4:6-22 | *A shape that has a curve that is closed and concave towards the center and has an overall non-circular shape from all dimensions.*<br><br>**Intrinsic Evidence**<br><br>'962 Patent<br>Col. 3, lines 22-41.<br>Col. 4, lines 7-48. |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Extrinsic Evidence** | **Extrinsic Evidence** |
| | Expert Testimony: Depomed's and Valeant's Expert will explain also by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Depomed's and Valeant's Expert will opine that "an oval" means "any curve that is closed and concave towards the center wherein the geometric form bounded by the closed curve has first and second orthogonal axes of unequal length." Depomed's and Valeant's Expert may also respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | The Elizabeth Companies Tablet Design Training Manual, at p.15 (DEPOM00006261-6304) |
| | | Encyclopedia of Pharmaceutical Technology, Volume 15, Thermal Analysis of Drugs and Drug Products to Unit Processes in Pharmacy: Fundamentals (1997) (DEPOM00006079-83) |
| | | Mathematics Dictionary, Fourth Edition, James/James, p. 275 (DEPOM00006190-6192) |
| | McGraw-Hill Dictionary of Scientific and Technical Terms (6th Ed. 2003) at pp. 1504, 1529 | To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '962 Patent. |
| | McGraw-Hill Dictionary of Scientific and Technical Terms (5th Ed. 1994) at pp. 1419, 1444 | Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | Remington: The Science and Practice of Pharmacy, A. Gennaro Ed. (20th Ed. 2000) at pp. 871-72 | |
| | Encyclopedia of Pharmaceutical Technology, (J. Swarbrick ed.) 1997, at p. 180 | |
| | Mathematics Dictionary, 4th Ed., (G. James, ed.) 1976, at p. 275 | |
| | The Elizabeth Companies Tablet Design: Training Manual pp. 4, 5, 10 | |
| | **Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | |
| | **Intrinsic Evidence** | |
| | Claims of the '962 Patent: | |

- 48 -

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | 1 | |
| | Specification of '962, including but not limited to:<br>Col. 3:22-42<br>Col. 4:6-22 and 23-48 | |
| | To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '962 Patent. | |
| | **Extrinsic Evidence** | |
| | Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction. | |
| | McGraw-Hill Dictionary of Scientific and Technical Terms (6th Ed. 2003) at pp. 1504, 1529 | |
| | McGraw-Hill Dictionary of Scientific and Technical Terms (5th Ed. 1994) at pp. 1419, 144 | |
| | Remington: The Science and Practice of Pharmacy, A. Gennaro Ed. (20th Ed. 2000) at pp. 871-72 | |
| | Encyclopedia of Pharmaceutical Technology, (J. Swarbrick ed.) 1997, at p. 180 | |
| | Mathematics Dictionary, 4th Ed., (G. James, ed.) 1976, at p. 275 | |
| | The Elizabeth Companies Tablet Design: Training Manual pp. 4, 5, 10 | |
| **Said matrix has a shape which when projected onto a plane** | *Plain and ordinary meaning.*[5]<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.** | *The largest planar projection of the tablet*<br><br>**Intrinsic Evidence**<br><br>*'962 Patent* |

- 49 -

---

[5] Depomed and Valeant object to the untimely addition of this term on January 11, 2012, well after Patent Local Rule 4.1 disclosures were due.

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | **Intrinsic Evidence**<br><br>Specification of '962, including but not limited to:<br>Col. 3.5-13 and 21-41<br>Col. 4:7-48.<br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '962 Patent.<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the POSITA would not read "largest" into the term. | Col. 3, lines 5-13, lines 22-41<br>Col. 4, lines 7-48<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '962 Patent.<br><br>Defendants reserve the right to rely on any reference cited by Plaintiffs in their claim construction submissions to support Defendants' constructions.<br>Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| **Curing the coated oral dosage form at a temperature of at least 55°C** | *Plain and ordinary meaning.*<br><br>**Depomed and Valeant will rely at least on the following to oppose Sun's proposed claim term construction.**<br><br>**Intrinsic Evidence**<br><br>Specification of '987, including but not limited to:<br>Col. 4, lines 25-47.<br>Col. 5, lines 34-38.<br>Col. 8, line 57 – Col. 11, line 21<br><br>To the extent appropriate, Depomed and Valeant may rely upon the prosecution history of the '987 Patent.<br><br>**Extrinsic Evidence**<br><br>Expert Testimony:<br>Depomed's and Valeant's Expert may respond to and address evidence, opinions, and testimony asserted by Sun in support of its proposed construction, including but not limited to the failure to define "curing" or | *The coated oral dosage form is raised to a temperature of at least 55° C for curing.*<br><br>**Intrinsic Evidence**<br><br>'987 Patent<br>Col. 4, lines 25-47.<br>Col. 5, lines 34-38.<br>Col. 8, line 57 – Col. 11, line 21<br><br>**Extrinsic Evidence**<br><br>Ethocel, Ethylcellulose Polymers Technical Handbook, Dow Cellulosics<br><br>To the extent appropriate, Defendants may rely upon other parts of the prosecution history of the '987 Patent.<br><br>Defendants reserve the right to rely on any reference |

| Claim Term | Depomed/Valeant Construction | Sun Construction |
|---|---|---|
| | include a temporal element. | cited by Plaintiffs in their claim construction submissions to support Defendants' constructions. Defendants also reserve the right to rely on any reference cited by either party to oppose Plaintiffs' constructions. |
| | Ethocel, Ethylcellulose Polymers Technical Handbook, Dow Cellulosics | |

- 51 -